UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2020 AUG 25 P 3 35
CLERK OF COURT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID GUERRERO and
ALEXANDER SHISTER,

    Defendants.

Case No. _____

20-CR-148

[18 U.S.C. §§ 2, 371, 1028A and 1347, and 42 U.S.C. §§ 1320a-7b(b)(1) and 1320a-7b(b)(2).]

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

1. At all times material to this indictment:

    a. Defendant David Guerrero ("Guerrero") resided in Wisconsin and represented himself to be employed at medical clinics described below as Clinic #1 and Clinic #2. Guerrero was not a licensed medical professional.

    b. Defendant Alexander Shister ("Shister") resided in Wisconsin and was the owner and operator of the following pharmacies (herein referred to collectively as "the Pharmacies") located in the Milwaukee, Wisconsin, area:

        i. Medpoint Pharmacy, located at 2501 West Silver Spring Road, Milwaukee, Wisconsin;

        ii. Omnicare Pharmacy, located at 1134 West North Avenue, Milwaukee, Wisconsin;

        iii. Greenfield Pharmacy, located at 5233 South 27th Street, Greenfield, Wisconsin;

iv.     Clinica Latina Pharmacy, located at 1238 South Cesar E Chavez Drive, Milwaukee, Wisconsin.

c.     The Medicare Program ("Medicare") was a federally subsidized health insurance program for persons who are age 65 or older or who are disabled. Medicare was a "health care benefit program" and "federal health care program" that affected interstate commerce.

d.     The Wisconsin Medicaid Program, which was also known as Medical Assistance, ("Medicaid"), was a health care benefit program funded jointly by the federal government and the State of Wisconsin to pay for health care services provided to low-income and other qualified individuals. Medicaid was a "health care benefit program" and "federal health care program" that affected interstate commerce.

e.     The Pharmacies applied for and were participating providers in Medicare and Medicaid. As participating providers in Medicare and Medicaid, the Pharmacies agreed to abide by the laws, rules, regulations, policies, and procedures that governed reimbursement by Medicare and Medicaid.

f.     A person may not offer, pay, solicit, or receive money in exchange for referring Medicare and Medicaid beneficiaries to participating providers in Medicaid or Medicare, or arranging for the ordering of services or items, such as prescriptions for compounded medications, that may be paid for, in whole or in part, by Medicare or Medicaid. Such payments constitute illegal bribes or kickbacks.

g.     Clinic #1 was located in Milwaukee, Wisconsin. Doctor #1 was the operator and primary physician at Clinic #1. Clinic #1 was a participating provider in Medicare and Medicaid, and a large number of Clinic #1's patients were Medicare and Medicaid beneficiaries.

h.      Clinic #2 was located in Milwaukee, Wisconsin. Doctor #2 was the operator and primary physician at Clinic #2. Clinic #2 was a participating provider in Medicare and Medicaid, and a large number of Clinic #2's patients were Medicare and Medicaid beneficiaries.

i.      Compounded medications were drugs that were combined, mixed, or altered from other drugs by licensed pharmacists or other licensed practitioners, pursuant to valid prescriptions issued by licensed medical professionals ("prescribers"), to meet the specific needs of individual patients.

j.      For prescription drugs, including compounded medications, to be appropriately reimbursed, Medicare and Medicaid required that these drugs be dispensed pursuant to valid prescriptions and be medically necessary for the treatment of covered illnesses. In other words, Medicare and Medicaid would not reimburse prescription drugs, including compounded medications, which were not medically necessary or dispensed without a valid prescription.

k.      The Pharmacies prepared and dispensed, among other things, certain compounded medications, namely, topical creams that were prescribed purportedly to treat a variety of pain-related conditions.

## COUNT ONE
(Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

2. The allegations in paragraph 1 of this Indictment are re-alleged and incorporated by reference.

3. From approximately September 2016 and continuing thereafter through approximately June 2018, in the State and Eastern District of Wisconsin,

**DAVID GUERRERO and
ALEXANDER SHISTER**

knowingly conspired and agreed with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, namely, to knowingly and willfully solicit, receive, offer, and pay remuneration, specifically kickbacks and bribes, in return for referring, and inducing a person to refer, individuals to the Pharmacies for the furnishing and arranging for the furnishing of, and for ordering and arranging for the ordering of, any item and service for which payment may be made in whole or in part by Medicare and Medicaid, in violation of Title 42, United States Code, Sections 1320a-7b(b)(1)(A), 1320a-7b(b)(2)(A), 1320a-7b(b)(1)(B), and 1320a-7b(b)(2)(B).

**Manner and Means of the Conspiracy**

4. The manner and means sought to accomplish the objects and purposes of the conspiracy included, among other things:

    a. Starting in approximately September 2016, Shister agreed to pay money to Guerrero in exchange for Guerrero arranging to have prescriptions for compounded pain cream medications sent to and filled at the Pharmacies.

    b. Guerrero identified and caused others to identify Medicaid- and Medicare-eligible patients of Clinic #1 and Clinic #2 to receive prescriptions for compounded pain cream medications, even though Guerrero is not a licensed medical provider.

4

c. Guerrero obtained, used, and edited, and caused others to obtain, use, and edit, preprinted prescription forms for compounded pain cream medications.

d. Guerrero sent, and caused others to send, to the Pharmacies, prescriptions for compounded pain cream medications to be filled and dispensed at the Pharmacies, without input from the patients regarding which pharmacy to use.

e. Shister, as owner and operator of the Pharmacies, submitted, and caused others to submit, claims for reimbursement to Medicare and Medicaid for filling prescriptions for compounded pain cream medications procured through kickback payments made to Guerrero.

f. Between on or around September 2016, through on or around January 2018, Shister, through the Pharmacies, submitted claims for reimbursement to Medicare and Medicaid totaling substantial sums for filling numerous prescriptions for compounded pain cream medication for patients of Clinic #1 and Clinic #2.

g. From on or around September 2016, through on or around January 2018, Shister, through the Pharmacies, paid Guerrero substantial remuneration in exchange for Guerrero referring individuals to the Pharmacies, and for arranging for the furnishing and the ordering of prescriptions for compounded pain cream medications to be filled by the Pharmacies.

**Acts in Furtherance of the Conspiracy**

5. In furtherance of the conspiracy and to accomplish the objects and purposes of the conspiracy, the following acts, among others, were committed and were caused to be committed:

a. On or around October 9, 2016, Guerrero sent an email to N.W. stating in part, "Please speak to Alex to confirm every 2 weeks for payment on compounds," referring to Alexander Shister. N.W. responded in part, "Alex is aware is [sic] owes you

$600 more. Total of $1600 for 16 scripts up to 9/30," and Guerrero replied in part, "Sounds great."

  b. On or around October 24, 2016, Guerrero sent an email to N.W. with a preprinted prescription form for compounded pain cream medication that listed ingredients, had place holders for patient information, had place holders for prescriber information, and had instructions to "Please fax to 414-461-6007," which was a fax number associated with Medpoint Pharmacy.

  c. On or about the dates listed in Counts Two through Nine of this Indictment, Guerrero solicited and received kickback payments from Shister.

  d. On or about the dates listed in Counts Ten through Seventeen of this Indictment, Shister, through the Pharmacies, offered and paid kickbacks to Guerrero.

  e. On or before June 7, 2018, Guerrero took and kept in his possession jars of compounded pain cream medications that had been filled by the Pharmacies for patients of Clinics #1 and #2.

All in violation of Title 18, United States Code, Section 371.

# COUNTS TWO THROUGH NINE
(Soliciting and Receiving Kickbacks)

## THE GRAND JURY FURTHER CHARGES THAT:

6. Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference.

7. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

## DAVID GUERRERO

knowingly and willfully solicited and received remuneration, including any kickback and bribe, directly and indirectly, from Alexander Shister and the Pharmacies in the form of payment, as set forth below, in return for referring an individual to the Pharmacies for the furnishing and arranging for the furnishing of, and for ordering and arranging for the ordering of, items and services, namely, the filling and dispensing of prescription compounded medication, for which payment may be made in whole or in part under federal health care programs, including Medicare and Medicaid:

| Count | Date | Payment Source | Approximate Amount |
|---|---|---|---|
| 2 | Oct. 5, 2016 | Medpoint Pharmacy | $1,000 |
| 3 | Oct. 17, 2016 | Medpoint Pharmacy | $3,300 |
| 4 | Jan. 10, 2017 | Medpoint Pharmacy | $8,200 |
| 5 | Jan. 24, 2017 | Medpoint Pharmacy | $6,000 |
| 6 | Feb. 9, 2017 | Medpoint Pharmacy | $8,000 |
| 7 | July 10, 2017 | Greenfield Pharmacy | $2,780 |
| 8 | Oct. 24, 2017 | Omnicare Pharmacy | $1,350 |
| 9 | Nov. 6, 2017 | Greenfield Pharmacy | $800 |

Each in violation of Title 42, United States Code, Section 1320a-7b(b)(1).

# COUNTS TEN THROUGH SEVENTEEN
(Offering and Paying Kickbacks)

## THE GRAND JURY FURTHER CHARGES THAT:

8. Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference.

9. On or about the dates set forth below, in the State and Eastern District of Wisconsin,

## ALEXANDER SHISTER

knowingly and willfully offered to pay, paid, and caused to be paid, remuneration, including any kickback and bribe, directly and indirectly, to David Guerrero in the form of payment, as set forth below, to induce Guerrero to refer an individual to the Pharmacies for the furnishing and arranging for the furnishing of, and to arrange for the ordering of, an item and service, namely, the filling and dispensing of prescription compounded medication, for which payment may be made in whole or in part under federal health care programs, including Medicare and Medicaid:

| Count | Date | Payment Source | Approximate Amount |
|---|---|---|---|
| 10 | Oct. 5, 2016 | Medpoint Pharmacy | $1,000 |
| 11 | Oct. 17, 2016 | Medpoint Pharmacy | $3,300 |
| 12 | Jan. 10, 2017 | Medpoint Pharmacy | $8,200 |
| 13 | Jan. 24, 2017 | Medpoint Pharmacy | $6,000 |
| 14 | Feb. 9, 2017 | Medpoint Pharmacy | $8,000 |
| 15 | July 10, 2017 | Greenfield Pharmacy | $2,780 |
| 16 | Oct. 24, 2017 | Omnicare Pharmacy | $1,350 |
| 17 | Nov. 6, 2017 | Greenfield Pharmacy | $800 |

Each in violation of Title 42, United States Code, Section 1320a-7b(b)(2).

# COUNTS EIGHTEEN THROUGH TWENTY
(Health Care Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

10. Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference.

11. From approximately September 2016 and continuing thereafter through approximately June 2018, in the State and Eastern District of Wisconsin,

**DAVID GUERRERO,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme to defraud Medicaid and Medicare and to obtain money from Medicaid and Medicare by means of material false and fraudulent pretenses and representations (hereinafter the "scheme"), which scheme is more fully described below.

**The Scheme**

12. Guerrero's scheme was essentially as follows:

    a. Guerrero identified, and caused others to identify, Medicaid and Medicare beneficiaries who were patients at Clinic #1 and Clinic #2, to receive prescriptions for compounded medications;

    b. Guerrero generated and otherwise obtained fraudulent prescriptions for compounded pain cream medications in the names of these Medicaid and Medicare beneficiaries that were often not medically necessary, not timely provided to patients, based on an invalid prescriber-patient relationship, and induced by kickbacks and bribes;

    c. Guerrero caused the fraudulent prescriptions to be sent to and filled at the Pharmacies, which then submitted claims for reimbursement to Medicaid and Medicare.

## Execution of the Scheme

13. On or about the dates listed below, Guerrero executed the scheme by causing and attempting to cause the fraudulent prescriptions to be sent to and filled at the pharmacy listed below, which then submitted a claim for reimbursement to Medicaid, and was paid by Medicaid, as listed below:

| Count | Approx. Fill Date | Patient | Pharmacy | Prescription Number | Listed Prescriber | Amount Paid |
|---|---|---|---|---|---|---|
| 18 | Nov. 16, 2016 | K.W. | Medpoint | 322581 | Doctor #2 | $749.72 |
| 19 | Feb. 9, 2017 | A.V.M | Medpoint | 327698 | Doctor #1 | $661.60 |
| 20 | July 27, 2017 | R.R. | Omnicare | 293942 | Doctor #1 | $573.49 |

Each in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS TWENTY-ONE THROUGH TWENTY THREE
(Aggravated Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

14. Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated by reference.

15. On or about the dates listed below, in the State and Eastern District of Wisconsin,

## DAVID GUERRERO

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the name and date of birth of the individual with the below-listed initials, during and in relation to the below-listed felony offense charged in this Indictment, knowing that the means of identification belonged to another actual person:

| Count | Date | Felony Offense | Initials |
|---|---|---|---|
| 21 | Nov. 16, 2016 | Health Care Fraud (18 U.S.C. § 1347) as charged in Count 18 | K.W. |
| 22 | Feb. 9, 2017 | Health Care Fraud (18 U.S.C. § 1347) as charged in Count 19 | A.V.M. |
| 23 | July 27, 2017 | Health Care Fraud (18 U.S.C. § 1347) as charged in Count 20 | R.R. |

Each in violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE NOTICE

16. Upon conviction of one or more federal health care offenses, in violation of Title 18, United States Code, Section 371; Title 42, United States Code, Section 1320a-7b(b); or Title 18 United States Code, Section 1347, as set forth in Counts One through Twenty of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, constituting or derived, directly or indirectly, from gross proceeds traceable to the commission of offense. The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from or obtained as a result of such offense.

17. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

FOREPERSON

Dated: 8/25/20

MATTHEW D. KRUEGER
United States Attorney