# United States District Court
## Eastern District of Wisconsin

| UNITED STATES OF AMERICA | *AMENDED* |
| --- | --- |
| V. | **JUDGMENT IN A CRIMINAL CASE** |
| DAVID GUERRERO | Case Number: 20-CR-148-1-JPS<br>Marshal Number: 09241-509 |

| Michael Hart | Michael Carter |
| --- | --- |
| Defendant's Attorney | Assistant United States Attorney |

**DATE OF ORIGINAL JUDGMENT:** November 18, 2022
**REASON FOR AMENDMENT:** Remedy clerical error as to restitution payee information.

**THE DEFENDANT:**

Pled guilty to Count One of the Indictment.

| Title & Section | Nature of Offense | Date Concluded | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | Conspiracy to Commit Offenses Against the United States | June 2018 | One |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Eighteen, Nineteen, Twenty, Twenty One, Twenty Two, and Twenty Three of the Indictment be and the same are hereby DISMISSED.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: November 18, 2022

_____
J. P. Stadtmueller
U.S. District Judge

Date Amended Judgment Signed:  November 28, 2022

Defendant: David Guerrero
Case Number: 20-CR-148-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of Thirty Two (32) months as to Count One of the Indictment.

The Court makes the following recommendations to the Bureau of Prisons:

    (1)    that the defendant be considered for incarceration at a federal facility most near the Eastern District of Wisconsin.

The defendant is to voluntarily surrender to the institution designated by the Bureau of Prisons on or after January, 5, 2023.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:   _____
Deputy U.S. Marshal

Defendant: David Guerrero
Case Number: 20-CR-148-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of Three (3) years as to Count One of the Indictment. The defendant shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance. The Court finds there is a low risk of future substance abuse by the defendant and therefore suspends the drug testing requirements.
5. The defendant must reside at a residence approved by his supervising probation officer.
6. The defendant shall use his best efforts to secure lawful full-time employment and support his dependents.
7. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence or employment. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
8. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
9. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
10. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
11. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
12. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
13. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.
14. The defendant is to pay the restitution that the Court has ordered at a rate of not less than $250.00 per month. Any interest on the restitution is waived. The defendant will also apply 100 percent of any annual federal and/or state tax refund(s) toward the payment of any restitution balance.

    The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer.

15. The defendant shall not open any new lines of credit, which includes the leasing of any vehicle or property, or use existing credit resources without the prior approval of his supervising probation officer. After the defendant's Court-ordered financial obligations have been fully satisfied, this condition will no longer remain in effect.

16. The defendant is to provide access to all financial information requested by his supervising probation officer including, but not limited to, copies of all federal and state income tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to his supervising probation officer.

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence.

Defendant: David Guerrero
Case Number: 20-CR-148-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | **Special Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals**: | $100.00 | Waived | $1,147,505.93 |

## FINE

Based upon the defendant's limited financial resources, the Court determines that the defendant does not have the financial ability to pay a fine within the guidelines range. The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Restitution in the amount of $989,920.04 shall be joint and several with Alexander Shister. Restitution in the amount of $157,585.89 shall be individual. Interest on the restitution is waived. Restitution payments shall be made to the Clerk of the Court—362 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202—who shall disburse restitution payments to the following payee(s):

| PAYEE | AMOUNT |
|---|---|
| Medicare Part D<br>Veronica Moore<br>Centers for Medicare and Medicaid Services,<br>Division of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD 21207-0520<br>Veronica.Moore@cms.hhs.gov | $295,693.52<br>Joint and several with Alexander Shister |
| (continued on next page) |  |

Defendant: David Guerrero
Case Number: 20-CR-148-1

| | |
|---|---|
| Medicaid<br>Crystal Baker<br>Office of Inspector General<br>Department of Health Services<br>1 W. Wilson Street, Room 950<br>Madison, WI 53703 | $694,226.52<br>Joint and several with Alexander Shister |
| Medicare Part B<br>Veronica Moore<br>Centers for Medicare and Medicaid Services,<br>Division of Accounting Operations<br>P.O. Box 7520<br>Baltimore, MD 21207-0520<br>Veronica.Moore@cms.hhs.gov | $23,637.88<br>Individually |
| Medicaid<br>Crystal Baker<br>Office of Inspector General<br>Department of Health Services<br>1 W. Wilson Street, Room 950<br>Madison, WI 53703 | $133,948.01<br>Individually |

Defendant: David Guerrero
Case Number: 20-CR-148-1

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

Special instructions regarding the payment of criminal monetary penalties:

The Court considers the defendant's participation in the Federal Bureau of Prisons Inmate Financial Responsibility Program to be a necessary component of the repayment of the court-imposed financial obligations. Payments are to apply first to the special assessment and then to the restitution ordered by the Court until paid in full.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.